UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2003 DEC 16  P 12: 41

U.S. DISTRICT COURT
DISTRICT OF MASS.

PRO CON, INCORPORATED,
       Plaintiff

v.           CIVIL ACTION NO.

GENERAL ELECTRIC COMPANY,
       Defendant

## 03-40284



### NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Pursuant to 28 U.S.C. §1441 and §1446, the defendant, General Electric Company ("GE"), hereby gives notice of the removal to this Court of the above-captioned civil action, commenced in the Commonwealth of Massachusetts, Worcester County Superior Court, Civil Action No. 03-2064A. As grounds for this removal, the defendant respectfully states:

1. The plaintiff, Pro Con, Inc. ("Pro Con"), brought this action in Worcester County Superior Court by a Complaint that was served upon CT Corporation System, the registered agent for GE in Massachusetts, on November 20, 2003. (*See* Summons, Civil Action Cover Sheet, and Complaint and Jury Demand, Exhibit A hereto.) In the Civil Action Cover Sheet accompanying the Complaint, Pro Con states that its estimated damages exceed $700,000.00.

2. According to the Complaint, Pro Con is a New Hampshire corporation with a principal place of business in New Hampshire. (*See* Complaint ¶ 1.)

3. GE is a New York corporation with its principal place of business in Connecticut.

4. This is a civil action over which this Court has diversity subject-matter jurisdiction under the provisions of 28 U.S.C. § 1332, because the amount in controversy

FILING FEE PAID:
RECEIPT #_____
AMOUNT $_____
BY DPTY CLK_____

exceeds the sum or value of $75,000, exclusive of interest and costs, and the action is between citizens of different states.

5. GE is entitled to remove the plaintiff's action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, because the Court has original jurisdiction over the action, the action is pending within this District and Division, and the defendant is not a citizen of Massachusetts.

6. Copies of all process and pleadings served on GE in this action are attached hereto as Exhibit A.

7. A true and correct copy of this Notice of Removal will be filed with the Clerk of the Commonwealth of Massachusetts Superior Court Department of the Trial Court, Suffolk, as provided by law.

8. Written notice of the filing of this Notice of Removal will be given to the Plaintiff in this action, as required by law.

Signed pursuant to Fed. R. Civ. P. 11 this 15th day of December, 2003.

```
                                GENERAL ELECTRIC COMPANY
                                By its Attorneys,

                                _____
                                David A. Barry – BBO No. 031520
                                John G. O'Neill – BBO No. 630272
                                Sugarman, Rogers, Barshak & Cohen, P.C.
                                101 Merrimac Street, 9th Floor
                                Boston, MA 02114-4737
                                (617) 227-3030
```
Dated: December 15, 2003

## CERTIFICATE OF SERVICE

I, John G. O'Neill, hereby certify that on the 15th day of December, 2003, I served the within Notice of Removal by mailing a copy thereof, postage prepaid to Michael L. Chinitz, Esquire, Rose & Associates, 29 Commonwealth Avenue, Boston, MA 02216.

_____
John G. O'Neill

341071.1

- 2 -



# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No. 03-2064**D**

PRO CON, INCORPORATED,   Plaintiff(s)

v.

GENERAL ELECTRIC COMPANY,   Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon ...Michael Chinitz..., plaintiff's attorney, whose address is 29 Commonwealth Avenue, Boston, MA 02116..., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-claim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, ROBERT L. STEADMAN, Esquire, at Worcester, the 24th day of October ~~in the year of our Lord one thousand nine hundred and ninety~~ two thousand and three.

_[signature]_
Clerk

**NOTICE TO DEFENDANT.** You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, Room 21.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT — CONTRACT EQUITABLE RELIEF — CH.93A — MEDICAL MALPRACTICE — OTHER.

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 03-2064 A | Trial Court Department Superior Court Department County: Worcester |
|---|---|---|

**PLAINTIFF(S)**
PRO CON, INCORPORATED

**DEFENDANT(S)**
GENERAL ELECTRIC COMPANY

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Michael L. Chinitz, Rose & Associates, 29 Commonwealth Ave., Boston, 02116 617-536-0040

Board of Bar Overseers number: 552915

ATTORNEY (if known)

**Origin code and track designation**

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A-12 | Construction | (A) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ............................................. $..........
  2. Total Doctor expenses .............................................. $..........
  3. Total chiropractic expenses ........................................ $..........
  4. Total physical therapy expenses .................................... $..........
  5. Total other expenses (describe) .................................... $..........
  Subtotal $..........
B. Documented lost wages and compensation to date ...................... $..........
C. Documented property damages to date ................................. $..........
D. Reasonably anticipated future medical and hospital expenses ......... $..........
E. Reasonably anticipated lost wages ................................... $..........
F. Other documented items of damages (describe)
  $..........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
  $..........
  TOTAL $..........

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s): Pro Con seeks to recover damages caused by the defendant arising from its defective packaged thermal air conditioning units. Damages sought from the defendant include the cost to repair the units, resulting property damages, and other damages caused to Pro Con.

Damages estimated to be in excess of $700,000

TOTAL $..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Michael Chinitz_  DATE: 10/23/03

AOTC-6 mtc005 11/99

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.

SUPERIOR COURT
C.A. No. 03-2064 P

```
PRO CON, INCORPORATED,       )
                             )
           Plaintiff,        )     COMPLAINT AND
                             )     JURY DEMAND
v.                           )
                             )
                             )
GENERAL ELECTRIC COMPANY,    )
                             )
           Defendant.        )
```

### Introduction

This is an action by plaintiff Pro Con, Incorporated ("Pro Con"), as a construction contractor, to recover damages caused by GE Consumer Products, a business unit of General Electric Company ("GE"), at the Courtyard Marriott Hotel in Westborough, Worcester County, Massachusetts and for indemnity or contribution from GE for damages, fees, and expenses that Pro Con has already sustained and will sustain as a result of GE's faulty and negligent products which caused water infiltration and resultant property damage at the project site.

### Parties

1. Pro Con is a corporation organized under the laws of New Hampshire with a principal place of business at 1359 Hooksett Road, Hooksett, New Hampshire 03106. Pro Con is a

construction contractor specializing in institutional, multi-family residential, and commercial projects in New England. Pro Con is registered to do business in the Commonwealth of Massachusetts.

2. General Electric Company is, on information and belief, a New York Corporation. GE Consumer Products is a business unit of GE with a principal place of business at Appliance Park, Louisville, KY 40225. GE regularly conducts business in the Commonwealth of Massachusetts.

### Jurisdiction

3. This Court has jurisdiction over GE pursuant to G.L. c. 223A, § 3.

4. On November 23, 1996, Pro Con entered into a contract for the construction of a Courtyard Marriott Hotel located in Westborough, Massachusetts (the "Project").

5. GE manufactures, and markets for installation in buildings such as the Project, packaged thermal air conditioning ("PTAC") units.

6. GE provided PTAC units to be installed at the Project.

7. GE both impliedly and expressly warranted that its PTAC units would be free of material defects, and would be fit for the intended use.

2

8. In December, 2002 the owner of the Project complained to Pro Con about the infiltration of water through the exterior walls of the Project. As of the time of these complaints, Pro Con had no knowledge of any defects in GE's products supplied to the Project, nor did it have any reason to know of such defects. Thereafter, following investigation, Pro Con determined that there was a material defect in the sleeve portion of GE's PTAC units, and that the defect caused water infiltration and resultant property damage at the Project.

9. Pro Con has given notice to GE of its faulty products, and has requested GE to repair the defective PTAC units and the damage caused thereby. GE has also had an opportunity to inspect the PTAC units and the defects therein.

10. To date, GE has failed to correct its faulty products, and has failed to repair the resulting damage to the Project.

### Count I

(Breach of Warranty)

11. Pro Con repeats and incorporates by reference the allegations contained in paragraphs 1 through 10 above.

12. GE is a merchant of PTAC units.

3

13. GE warranted, among other things, that its products were free of material defects, merchantable, and fit for the particular purpose used.

14. GE breached its implied and express warranties.

15. GE's breaches have damaged Pro Con.

### Count II

(Negligence)

16. Pro Con repeats and incorporates by reference the allegations contained in paragraphs 1 through 15 above.

17. GE failed to use reasonable care in the manufacture of its PTAC units and its neglect has caused damage, including water infiltration and resultant property damage at the Project.

18. GE's negligence has damaged Pro Con.

### Count III

(Contribution)

19. Pro Con repeats and incorporates by reference the allegations contained in paragraphs 1 through 10 above.

20. The owner of the Project has threatened claims against Pro Con and other subcontractors and product and material suppliers for water infiltration and resultant property damage.

21. Pro Con is seeking to reach an agreement with the owner of the Project to discharge by consideration the

4

common liability of various parties within the statute of limitations period and has commenced this action for contribution by GE within one year after such consideration.

22. Pro Con is entitled to contribution from GE for reimbursement of such payment, as well as for reimbursement of all other expenses incurred by Pro Con that are recoverable as a matter of law.

### Count IV
(Common Law Indemnity)

23. Pro Con repeats and incorporates by reference the allegations contained in paragraphs 1 through 22 above.

24. The owner of the Project is seeking to hold Pro Con liable for damages to the Project caused, in part by GE.

25. GE, as the party at fault for the harm, is obligated to indemnify Pro Con for the damages it has and will sustain, and thus far, GE has breached its duty by, among other things, failing to indemnify Pro Con for damages, fees, and expenses that Pro Con has sustained as a result of GE's faulty and defective products.

26. GE's breaches have damaged Pro Con.

5

## Relief Requested

WHEREFORE, Pro Con respectfully requests that the Court:

A.  Enter judgment in favor of Pro Con on all counts of this Complaint in an amount to be determined at trial;

B.  Award Pro Con all of its costs, expenses, attorneys' fees and interest recoverable under Massachusetts law; and

C.  Order such other relief as the Court deems necessary and just.

## JURY DEMAND

PRO CON HEREBY MAKES A DEMAND FOR TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

Respectfully submitted,

PRO CON, INCORPORATED,

By its attorneys,

*/s/ Michael Chinitz*

Michael L. Chinitz (BBO# 552915)
Michael J. Mott (BBO# 643366)
ROSE & ASSOCIATES
29 Commonwealth Avenue
Boston, Massachusetts 02116
Tel - 617/536-0040
Fax - 617/536-4400

October 24, 2003

6

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.                             SUPERIOR COURT
                                           C.A. NO. _____03-2064_____

----------------------------------
PRO CON, INCORPORATED,          )
                                )
            Plaintiff,          )
                                )
v.                              )
                                )
GENERAL ELECTRIC COMPANY        )
                                )
            Defendant.          )
----------------------------------

### MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Plaintiff Pro Con, Incorporated hereby moves that Thomas Savage or another disinterested party over the age of eighteen be appointed as a special process server, to serve all legal process in this action.

Respectfully submitted,

PRO CON, INCORPORATED,

By its attorneys,

Michael L. Chinitz (BBO# 552915)
Michael J. Mott (BBO# 643366)
ROSE & ASSOCIATES
29 Commonwealth Avenue
Boston, Massachusetts 02216
Tel - 617/536-0040
Fax - 617/536-4400

October 24, 2003

1

Commonwealth of Massachusetts
County of Worcester
The Superior Court

CIVIL DOCKET # WOCV2003-02064-A

RE: Pro Con Incorporated v General Electric Company

TO: Michael J Mott, Esquire
Rose & Associates (Alan D)
29 Commonwealth Avenue
Boston, MA 02116

## TRACKING ORDER - A TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 01/22/2004 |
| Response to the complaint filed (also see MRCP 12) | 03/22/2004 |
| All motions under MRCP 12, 19, and 20 filed | 03/22/2004 |
| All motions under MRCP 15 filed | 01/16/2005 |
| All discovery requests and depositions completed | 12/12/2005 |
| All motions under MRCP 56 filed and heard | 02/10/2006 |
| Final pre-trial conference held and/or firm trial date set | 06/10/2006 |
| Case disposed | 10/23/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to session "A" sitting in **Rm 12 (Session A) Worcester Superior Court.**

Dated: 10/28/2003

Francis A. Ford,
Clerk of Courts

BY:
Joanne C. Herring/Catherine Brennan
Assistant Clerk

Location: Rm 12 (Session A)
Telephone: 508-770-1899, Ext. 181 or Ext. 121 (Session Clerk)

Check website as to status of case: http://ma-trialcourts.org/tcic
0770 15 ihldec01 rodrigu

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Pro Con, Incorporated

**DEFENDANTS**
General Electric Company

03-40284

FILED IN CLERKS OFFICE
2003 DEC 16 P 12: 4
DISTRICT COURT
DISTRICT OF MASS.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Foreign Corporation
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Foreign Corporation
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Michael J. Chinitz
Rose & Associates, 29 Commonwealth Avenue,
Boston, MA 02216 (617) 536-0040

**ATTORNEYS (IF KNOWN)**
David A. Barry and John G. O'Neill
Sugarman, Rogers, Barshak & Cohen, P.C., 101
Merrimac Street, Boston, MA 02114-4737
(617) 227-3030

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | **PERSONAL INJURY** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | ☐ 362 Personal Injury — Med. Malpractice | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 365 Personal Injury — Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | **PERSONAL PROPERTY** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 370 Other Fraud | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 371 Truth In Lending | | | |
| ☐ 290 All Other Real Property | ☐ 380 Other Personal Property Damage | | | |
| **CIVIL RIGHTS** | ☐ 385 Property Damage Product Liability | | | |
| ☐ 441 Voting | **PRISONER PETITIONS** | | | |
| ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 443 Housing/Accommodations | **HABEAS CORPUS:** | | | |
| ☐ 444 Welfare | ☐ 530 General | | | |
| ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | | | |
| | ☐ 540 Mandamus & Other | | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
Plaintiff contends that defendant sold defective air conditioning units in breach of warranty. Jurisdiction exists under 28 U.S.C. § 1332 because the parties are diverse and the plaintiff claims over $75,000 in damages, exclusive of costs and interest.

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
**DEMAND $** 700,000.00
**CHECK YES only if demanded in complaint:**
**JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

**DATE** December 15, 2003
**SIGNATURE OF ATTORNEY OF RECORD** /s/ John G. O'Neill, Esquire

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Pro Con, Incorporated v. General Electric Company

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   _X_ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   N.A.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?     YES ☐  NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)     YES ☐  NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?     YES ☐  NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?     YES ☐  NO ☒

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).     YES ☐  NO ☒
   OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)).     YES ☐  NO ☒

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?     YES ☐  NO ☒
   (a)   IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? N.A. All parties are foreign.

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? ____

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL SECTION: YES ☐  NO ☐    OR WESTERN SECTION; YES ☐  NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    John G. O'Neill, Esquire
ADDRESS    Sugarman, Rogers, Barshak & Cohen, P.C., 101 Merrimac Street, Boston, MA 02114
TELEPHONE NO.    (617) 227-3030

(Categfrm.rev - 3/97)