| CIVIL ACTION COVER SHEET | 03-2064 A | Trial Court of Massachusetts Superior Court Department County: Worcester |
|---|---|---|

| PLAINTIFF(S) PRO CON, INCORPORATED | DEFENDANT(S) GENERAL ELECTRIC COMPANY FILED IN CLERKS OFFICE 03-40284 |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Michael L. Chinitz, Rose & Associates, 29 Common-wealth Ave., Boston, 02116 617-536-0040 <br> Board of Bar Overseers number: 552915 | ATTORNEY (if known) 2003 DEC 16 P 12:03 <br> U.S. DISTRICT COURT DISTRICT OF MASS. |

## Origin code and track designation

Place an x in one box only:

- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A-12 | Construction | ( A ) | ( X ) Yes ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
   Subtotal $. . . . . . . . . . .
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . $. . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
F. Other documented items of damages (describe)
   $. . . . . . . . . . .
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

A true copy by photostatic process
Attest: _Mary Swartz_
Asst. Clerk

$. . . . . . . . . . .
TOTAL $. . . . . . . . . . .

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s): Pro Con seeks to recover damages caused by the defendant arising from its defective packaged thermal air conditioning units. Damages sought from the defendant include the cost to repair the units, resulting property damages, and other damages caused to Pro Con.

Damages estimated to be in excess of $700,000
TOTAL $. . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record _Michael Chinitz_ DATE: 10/23/03

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.                              SUPERIOR COURT
                                           C.A. No. 03-2064

_____
                                )
PRO CON, INCORPORATED,          )
                                )
            Plaintiff,          )          **COMPLAINT AND**
                                )          **JURY DEMAND**
v.                              )
                                )
                                )          FILED
GENEREAL ELECTRIC COMPANY,      )
                                )          OCT 2 4 2003
            Defendant.          )
_____)          ATTEST:

### Introduction

    This is an action by plaintiff Pro Con, Incorporated

("Pro Con"), as a construction contractor, to recover

damages caused by GE Consumer Products, a business unit of

General Electric Company ("GE"), at the Courtyard Marriott

Hotel in Westborough, Worcester County, Massachusetts and

for indemnity or contribution from GE for damages, fees,

and expenses that Pro Con has already sustained and will

sustain as a result of GE's faulty and negligent products

which caused water infiltration and resultant property

damage at the project site.

### Parties

    1.   Pro Con is a corporation organized under the laws

of New Hampshire with a principal place of business at 1359

Hooksett Road, Hooksett, New Hampshire 03106.  Pro Con is a

A true copy
Attest: *Mary Langford*
Asst. Clerk

construction contractor specializing in institutional, multi-family residential, and commercial projects in New England.  Pro Con is registered to do business in the Commonwealth of Massachusetts.

2.    General Electric Company is, on information and belief, a New York Corporation.  GE Consumer Products is a business unit of GE with a principal place of business at Appliance Park, Louisville, KY 40225.  GE regularly conducts business in the Commonwealth of Massachusetts.

## **Jurisdiction**

3.    This Court has jurisdiction over GE pursuant to G.L. c. 223A, § 3.

4.    On November 23, 1996, Pro Con entered into a contract for the construction of a Courtyard Marriott Hotel located in Westborough, Massachusetts (the "Project").

5.    GE manufactures, and markets for installation in buildings such as the Project, packaged thermal air conditioning ("PTAC") units.

6.    GE provided PTAC units to be installed at the Project.

7.    GE both impliedly and expressly warranted that its PTAC units would be free of material defects, and would be fit for the intended use.

2

8.    In December, 2002 the owner of the Project complained to Pro Con about the infiltration of water through the exterior walls of the Project.  As of the time of these complaints, Pro Con had no knowledge of any defects in GE's products supplied to the Project, nor did it have any reason to know of such defects.  Thereafter, following investigation, Pro Con determined that there was a material defect in the sleeve portion of GE's PTAC units, and that the defect caused water infiltration and resultant property damage at the Project.

9.    Pro Con has given notice to GE of its faulty products, and has requested GE to repair the defective PTAC units and the damage caused thereby.  GE has also had an opportunity to inspect the PTAC units and the defects therein.

10.    To date, GE has failed to correct its faulty products, and has failed to repair the resulting damage to the Project.

### Count I

(Breach of Warranty)

11.    Pro Con repeats and incorporates by reference the allegations contained in paragraphs 1 through 10 above.

12.    GE is a merchant of PTAC units.

3

13.  GE warranted, among other things, that its products were free of material defects, merchantable, and fit for the particular purpose used.

14.  GE breached its implied and express warranties.

15.  GE's breaches have damaged Pro Con.

### Count II

(Negligence)

16.  Pro Con repeats and incorporates by reference the allegations contained in paragraphs 1 through 15 above.

17.  GE failed to use reasonable care in the manufacture of its PTAC units and its neglect has caused damage, including water infiltration and resultant property damage at the Project.

18.  GE's negligence has damaged Pro Con.

### Count III

(Contribution)

19.  Pro Con repeats and incorporates by reference the allegations contained in paragraphs 1 through 18 above.

20.  The owner of the Project has threatened claims against Pro Con and other subcontractors and product and material suppliers for water infiltration and resultant property damage.

21.  Pro Con is seeking to reach an agreement with the owner of the Project to discharge by consideration the

4

common liability of various parties within the statute of limitations period and has commenced this action for contribution by GE within one year after such consideration.

22.   Pro Con is entitled to contribution from GE for reimbursement of such payment, as well as for reimbursement of all other expenses incurred by Pro Con that are recoverable as a matter of law.

### Count IV

(Common Law Indemnity)

23.   Pro Con repeats and incorporates by reference the allegations contained in paragraphs 1 through 22 above.

24.   The owner of the Project is seeking to hold Pro Con liable for damages to the Project caused, in part by GE.

25.   GE, as the party at fault for the harm, is obligated to indemnify Pro Con for the damages it has and will sustain, and thus far, GE has breached its duty by, among other things, failing to indemnify Pro Con for damages, fees, and expenses that Pro Con has sustained as a result of GE's faulty and defective products.

26.   GE's breaches have damaged Pro Con.

## Relief Requested

WHEREFORE, Pro Con respectfully requests that the Court:

A.    Enter judgment in favor of Pro Con on all counts of this Complaint in an amount to be determined at trial;

B.    Award Pro Con all of its costs, expenses, attorneys' fees and interest recoverable under Massachusetts law; and

C.    Order such other relief as the Court deems necessary and just.

## JURY DEMAND

PRO CON HEREBY MAKES A DEMAND FOR TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

Respectfully submitted,

PRO CON, INCORPORATED,

By its attorneys,

Michael L. Chinitz (BBO# 552915)
Michael J. Mott (BBO# 643366)
ROSE & ASSOCIATES
29 Commonwealth Avenue
Boston, Massachusetts 02216
Tel - 617/536-0040
Fax - 617/536-4400

October 24, 2003

6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| |
|---|
| PRO CON, INCORPORATED,<br>                    Plaintiff<br><br>v.<br><br>GENERAL ELECTRIC COMPANY,<br>                    Defendant |

CIVIL ACTION NO.

03-40284

## NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF MASSACHUSETTS:

Pursuant to 28 U.S.C. §1441 and §1446, the defendant, General Electric Company

("GE"), hereby gives notice of the removal to this Court of the above-captioned civil action,

commenced in the Commonwealth of Massachusetts, Worcester County Superior Court, Civil

Action No. 03-2064A. As grounds for this removal, the defendant respectfully states:

1.      The plaintiff, Pro Con, Inc. ("Pro Con"), brought this action in Worcester County

Superior Court by a Complaint that was served upon CT Corporation System, the registered

agent for GE in Massachusetts, on November 20, 2003. (*See* Summons, Civil Action Cover

Sheet, and Complaint and Jury Demand, Exhibit A hereto.) In the Civil Action Cover Sheet

accompanying the Complaint, Pro Con states that its estimated damages exceed $700,000.00.

2.      According to the Complaint, Pro Con is a New Hampshire corporation with a

principal place of business in New Hampshire. (*See* Complaint ¶ 1.)

3.      GE is a New York corporation with its principal place of business in Connecticut.

4.      This is a civil action over which this Court has diversity subject-matter

jurisdiction under the provisions of 28 U.S.C. § 1332, because the amount in controversy

exceeds the sum or value of $75,000, exclusive of interest and costs, and the action is between citizens of different states.

5.      GE is entitled to remove the plaintiff's action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, because the Court has original jurisdiction over the action, the action is pending within this District and Division, and the defendant is not a citizen of Massachusetts.

6.      Copies of all process and pleadings served on GE in this action are attached hereto as Exhibit A.

7.      A true and correct copy of this Notice of Removal will be filed with the Clerk of the Commonwealth of Massachusetts Superior Court Department of the Trial Court, Suffolk, as provided by law.

8.      Written notice of the filing of this Notice of Removal will be given to the Plaintiff in this action, as required by law.

Signed pursuant to Fed. R. Civ. P. 11 this 15th day of December, 2003.

GENERAL ELECTRIC COMPANY
By its Attorneys,

_____
David A. Barry – BBO No. 031520
John G. O'Neill – BBO No. 630272
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114-4737
(617) 227-3030

Dated:  December 15, 2003

CERTIFICATE OF SERVICE

I, John G. O'Neill, hereby certify that on the 15th day of December, 2003, I served the within Notice of Removal by mailing a copy thereof, postage prepaid to Michael L. Chinitz, Esquire, Rose & Associates, 29 Commonwealth Avenue, Boston, MA 02216.

_____
John G. O'Neill

341071.1

– 2 –

## COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No. 03-2064D

| | ) | |
|---|---|---|
| | ) | |
| PRO CON, INCORPORATED, | ) Plaintiff (s) | **SUMMONS** |
| | ) | |
| v. | ) | |
| | ) | |
| GENERAL ELECTRIC COMPANY, | ) Defendant (s) | |
| | ) | |

NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, Room 21.

To the above-named Defendant:

You are hereby summoned and required to serve upon ...Michael Chinitz........, plaintiff's attorney, whose address is 29 Commonwealth Avenue, Boston, MA  02116......... an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-claim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, ROBERT L. STEADMAN, Esquire, at Worcester, the 24th day of October ........................ in the year of our Lord one thousand nine hundred and ninety two thousand and three.

_(signature)_  _(signature)_ Tony P. Lamoureux
Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED:  TORT — MOTOR VEHICLE TORT — CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

_(signature)_

DOCKET NO.(S)

## 03-2064 A

| CIVIL ACTION COVER SHEET | | Superior Court Department County: Worcester |
|---|---|---|

**PLAINTIFF(S)**
PRO CON, INCORPORATED

**DEFENDANT(S)**
GENERAL ELECTRIC COMPANY

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE** Michael L. Chinitz, Rose & Associates, 29 Common- wealth Ave., Boston, 02116 617-536-0040
Board of Bar Overseers number: 552915

**ATTORNEY (if known)**

**Origin code and track designation**

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231. s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A-12 | Construction | ( A ) | ( X )Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................ $ ...........
2. Total Doctor expenses ................................................. $ ...........
3. Total chiropractic expenses ........................................... $ ...........
4. Total physical therapy expenses ...................................... $ ...........
5. Total other expenses (describe) ..................................... Subtotal $ ...........

B. Documented lost wages and compensation to date ......................... $ ...........
C. Documented property damages to date ................................... $ ...........
D. Reasonably anticipated future medical and hospital expenses ............ $ ...........
E. Reasonably anticipated lost wages ........................................ $ ...........
F. Other documented items of damages (describe)

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$ ...........

TOTAL $ ...........

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s): Pro Con seeks to recover damages caused by the defendant arising from its defective packaged thermal air conditioning units. Damages sought from the defendant include the cost to repair the units, resulting property damages, and other damages caused to Pro Con.

Damages estimated to be in excess of $700,000 ...........

TOTAL $. ...........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

DATE: 10/23/03

Signature of Attorney of Record _Michael Chinitz_

A.O.T.C-6 1/4005 11/99

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.

SUPERIOR COURT  
C.A. NO. _____ 03-2064 P

PRO CON, INCORPORATED,  )
)
          Plaintiff,  )
)
v.  )
)
GENEREAL ELECTRIC COMPANY,  )
)
          Defendant.  )

**COMPLAINT AND
JURY DEMAND**

### Introduction

This is an action by plaintiff Pro Con, Incorporated
("Pro Con"), as a construction contractor, to recover
damages caused by GE Consumer Products, a business unit of
General Electric Company ("GE"), at the Courtyard Marriott
Hotel in Westborough, Worcester County, Massachusetts and
for indemnity or contribution from GE for damages, fees,
and expenses that Pro Con has already sustained and will
sustain as a result of GE's faulty and negligent products
which caused water infiltration and resultant property
damage at the project site.

### Parties

1. Pro Con is a corporation organized under the laws
of New Hampshire with a principal place of business at 1359
Hooksett Road, Hooksett, New Hampshire 03106. Pro Con is a

construction contractor specializing in institutional, multi-family residential, and commercial projects in New England. Pro Con is registered to do business in the Commonwealth of Massachusetts.

2.  General Electric Company is, on information and belief, a New York Corporation. GE Consumer Products is a business unit of GE with a principal place of business at Appliance Park, Louisville, KY 40225. GE regularly conducts business in the Commonwealth of Massachusetts.

### Jurisdiction

3.  This Court has jurisdiction over GE pursuant to G.L. c. 223A, § 3.

4.  On November 23, 1996, Pro Con entered into a contract for the construction of a Courtyard Marriott Hotel located in Westborough, Massachusetts (the "Project").

5.  GE manufactures, and markets for installation in buildings such as the Project, packaged thermal air conditioning ("PTAC") units.

6.  GE provided PTAC units to be installed at the Project.

7.  GE both impliedly and expressly warranted that its PTAC units would be free of material defects, and would be fit for the intended use.

2

8.   In December, 2002 the owner of the Project
complained to Pro Con about the infiltration of water
through the exterior walls of the Project.  As of the time
of these complaints, Pro Con had no knowledge of any
defects in GE's products supplied to the Project, nor did
it have any reason to know of such defects.  Thereafter,
following investigation, Pro Con determined that there was
a material defect in the sleeve portion of GE's PTAC units,
and that the defect caused water infiltration and resultant
property damage at the Project.

9.   Pro Con has given notice to GE of its faulty
products, and has requested GE to repair the defective PTAC
units and the damage caused thereby.  GE has also had an
opportunity to inspect the PTAC units and the defects
therein.

10.  To date, GE has failed to correct its faulty
products, and has failed to repair the resulting damage to
the Project.

### Count I

(Breach of Warranty)

11.  Pro Con repeats and incorporates by reference the
allegations contained in paragraphs 1 through 10 above.

12.  GE is a merchant of PTAC units.

3

13.   GE warranted, among other things, that its products were free of material defects, merchantable, and fit for the particular purpose used.

14.   GE breached its implied and express warranties.

15.   GE's breaches have damaged Pro Con.

### Count II

#### (Negligence)

16.   Pro Con repeats and incorporates by reference the allegations contained in paragraphs 1 through 15 above.

17.   GE failed to use reasonable care in the manufacture of its PTAC units and its neglect has caused damage, including water infiltration and resultant property damage at the Project.

18.   GE's negligence has damaged Pro Con.

### Count III

#### (Contribution)

19.   Pro Con repeats and incorporates by reference the allegations contained in paragraphs 1 through 10 above.

20.   The owner of the Project has threatened claims against Pro Con and other subcontractors and product and material suppliers for water infiltration and resultant property damage.

21.   Pro Con is seeking to reach an agreement with the owner of the Project to discharge by consideration the

4

common liability of various parties within the statute of limitations period and has commenced this action for contribution by GE within one year after such consideration.

22.   Pro Con is entitled to contribution from GE for reimbursement of such payment, as well as for reimbursement of all other expenses incurred by Pro Con that are recoverable as a matter of law.

### Count IV

(Common Law Indemnity)

23.   Pro Con repeats and incorporates by reference the allegations contained in paragraphs 1 through 22 above.

24.   The owner of the Project is seeking to hold Pro Con liable for damages to the Project caused, in part by GE.

25.   GE, as the party at fault for the harm, is obligated to indemnify Pro Con for the damages it has and will sustain, and thus far, GE has breached its duty by, among other things, failing to indemnify Pro Con for damages, fees, and expenses that Pro Con has sustained as a result of GE's faulty and defective products.

26.   GE's breaches have damaged Pro Con.

5

## Relief Requested

WHEREFORE, Pro Con respectfully requests that the Court:

A.    Enter judgment in favor of Pro Con on all counts of this Complaint in an amount to be determined at trial;

B.    Award Pro Con all of its costs, expenses, attorneys' fees and interest recoverable under Massachusetts law; and

C.    Order such other relief as the Court deems necessary and just.

## JURY DEMAND

PRO CON HEREBY MAKES A DEMAND FOR TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

Respectfully submitted,

PRO CON, INCORPORATED,

By its attorneys,

Michael L. Chinitz (BBO# 552915)
Michael J. Mott (BBO# 643366)
ROSE & ASSOCIATES
29 Commonwealth Avenue
Boston, Massachusetts 02216
Tel - 617/536-0040
Fax - 617/536-4400

October 24, 2003

6

Commonwealth of Massachusetts
County of Worcester
The Superior Court

CIVIL DOCKET # WOCV2003-02064-A

RE: Pro Con Incorporated v General Electric Company

TO:Michael J Mott, Esquire
Rose & Associates (Alan D)
29 Commonwealth Avenue
Boston, MA 02116

## TRACKING ORDER - A TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 01/22/2004 |
| Response to the complaint filed (also see MRCP 12) | 03/22/2004 |
| All motions under MRCP 12, 19, and 20 filed | 03/22/2004 |
| All motions under MRCP 15 filed | 01/16/2005 |
| All discovery requests and depositions completed | 12/12/2005 |
| All motions under MRCP 56 filed and heard | 02/10/2006 |
| Final pre-trial conference held and/or firm trial date set | 06/10/2006 |
| Case disposed | 10/23/2006 |

The final pre-trial deadline is **not the scheduled date of the conference.** You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to session "A" sitting in Rm 12 (**Session A**) Worcester Superior Court.

Dated: 10/28/2003

Francis A. Ford,
Clerk of Courts

BY:
Joanne C. Herring/Catherine Brennan
Assistant Clerk

Location: Rm 12 (Session A)
Telephone: 508-770-1899, Ext. 181 or Ext. 121 (Session Clerk)

Check website as to status of case: http://ma-trialcourts.org/tclc
077016 t-lsec01 rodrigues

** TOTAL PAGE.09 **



**SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.**
Attorneys at Law

101 Merrimac Street
Boston, MA 02114-4737
617-227-3030
617-523-4001 Fax
www.srbc.com

JOHN G. O'NEILL
oneill@srbc.com

December 17, 2003

Civil Clerk's Office
Superior Court Department
Courthouse, Room 21
2 Main Street
Worcester, MA 01608

DEC 1 8 2003

CLERK OF CC
ORCESTER C

Re:     *Pro Con, Incorporated v. General Electric Company*
        Worcester Superior Court, Civil Action No. 03-2064A
        U.S. District Court, Civil Action No. 03-40284-NMG

Dear Sir/Madam:

Enclosed please find a copy of the Notice of Removal regarding the above matter, which was filed on December 16, 2003 in the United States District Court for the District of Massachusetts.

This is to request certified or attested copies of all records and proceedings in the Worcester Superior Court, Civil Action No. 03-2064A, including a certified copy of the docket. Pursuant to Local Rule 81.1 of the United States District Court, it is necessary to have these documents within 30 days of December 16, 2003, so that we may file them in federal court.

Please send these documents to my attention at your earliest convenience, together with your bill for any copying/certifying costs. I have enclosed a self-addressed envelope for your convenience. Thank you.

Very truly yours,

John G. O'Neill

JGO/smm
Enclosures

**SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.**

Civil Clerk's Office
December 17, 2003
Page 2


cc:    w/copy of enclosure

      Michael L. Chinitz, Esquire
      Rose & Associates
      29 Commonwealth Avenue
      Boston, MA 02216

**Commonwealth of Massachusetts**
**WORCESTER SUPERIOR COURT**
**Case Summary**
**Civil Docket**

# WOCV2003-02064
## Pro Con Incorporated v General Electric Company

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 10/24/2003 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 12/18/2003 | **Session** | A - Civil A (12 Worcester) | | |
| **Origin** | 1 | **Case Type** | A12 - Construction dispute | | |
| **Lead Case** | | **Track** | A | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 01/22/2004 | **Answer** | 03/22/2004 | **Rule12/19/20** | 03/22/2004 |
| **Rule 15** | 01/16/2005 | **Discovery** | 12/12/2005 | **Rule 56** | 02/10/2006 |
| **Final PTC** | 06/10/2006 | **Disposition** | 10/23/2006 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Pro Con Incorporated
1359 Hooksett Road
Hooksett, NH 03106
Active 10/24/2003

**Private Counsel 552915**
Michael L Chinitz
Rose & Associates (Alan D)
29 Commonwealth Avenue
Boston, MA 02116
Phone: 617-536-0040
Fax: 617-536-4400
Active 10/24/2003 Notify

**Private Counsel 643366**
Michael J Mott
Rose & Associates (Alan D)
29 Commonwealth Avenue
Boston, MA 02116
Phone: 617-536-0040
Fax: 617-536-4400
Active 10/24/2003 Notify

**Defendant**
General Electric Company
Appliance Park
Louisville, KY 40225
Service pending 10/24/2003

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 10/24/2003 | 1.0 | Complaint & civil action cover sheet filed and rule 29 statement-CJ |
| 10/24/2003 | | Origin 1, Type A12, Track A. |
| 10/24/2003 | | Filing fee paid in the amount of $275.00, surcharge in the amount of $15.00 including $20.00 security fee.($275.00) |
| 12/18/2003 | 2.0 | Deft. General Electric Co. noyice of remvoal to US District Court of Massachusetts |

### EVENTS

| Date | Session | Event | Result |
|---|---|---|---|
| 10/25/2004 | Civil A (12 Worcester) | Status: Review Annual Fee send notice | |

MAS-20030912

walsh_r

**Commonwealth of Massachusetts**
**WORCESTER SUPERIOR COURT**
**Case Summary**
**Civil Docket**

01/09/2004

10:55 AM

**WOCV2003-02064**
**Pro Con Incorporated v General Electric Company**

A true copy by photostatic process
Attest:
Asst. Clerk