UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
FILED
IN CLERKS OFFICE

2004 JAN 16  P 1: 16

U.S. DISTRICT COURT
DISTRICT OF MASS.
```

PRO CON, INCORPORATED,
          Plaintiff

v.     CIVIL ACTION NO. 03-40284-NMG

GENERAL ELECTRIC COMPANY,
          Defendant

## ANSWER AND JURY DEMAND OF
## DEFENDANT GENERAL ELECTRIC COMPANY

The defendant, General Electric Company ("GE"), hereby answers the allegations in the plaintiff, Pro Con Incorporated ("Pro Con")'s, complaint as follows.

### Introduction

The allegations in the first unnumbered paragraph of the plaintiff's complaint constitute a characterization of the plaintiff's claims that does not require a response by GE. To the extent that response is required, GE denies that its products were defective or negligently manufactured, denies that they resulted in water infiltration at the Courtyard Marriott Hotel in Westborough, Massachusetts (the "Project), and denies that it is liable to Pro Con.

### Parties

1.    GE admits the allegations in the first sentence of paragraph 1 of the plaintiff's complaint. GE is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 1 of the plaintiff's complaint.

2.    GE admits the allegations in paragraph 2 of the plaintiff's complaint.

## Jurisdiction

3. The allegations in paragraph 3 constitute a legal conclusion to which no response is required.

4. GE is without knowledge or information sufficient to form a belief as to the allegations in paragraph 4 of the plaintiff's complaint.

5. GE admits that it markets packaged thermal air conditioning ("PTAC") units. GE denies the remaining allegations in paragraph 5 of the plaintiff's complaint.

6. Admitted.

7. The allegations in paragraph 7 constitute a legal conclusion to which no response is required. To the extent that a response is required, GE denies the allegations in paragraph 7 of the plaintiff's complaint.

8. GE is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 8 of the plaintiff's complaint. GE denies the remaining allegations in paragraph 8 of the plaintiff's complaint.

9. GE admits that Pro Con has given notice of alleged defects in the PTAC units. GE denies the remaining allegations in paragraph 9 of the plaintiff's complaint.

10. GE denies the allegations in paragraph 10 of the plaintiff's complaint, and specifically denies that its products were defective, and that it owed any obligation to repair the products or any alleged damage at the Project.

## Count I

### (Breach of Warranty)

11. GE restates the responses in paragraphs 1 through 10 of its answer as though set

forth fully herein.

12. Admitted.

13. The allegations in paragraph 13 of the plaintiff's complaint constitute a legal conclusion to which no response is required. To the extent that a response is required, GE denies the allegations in paragraph 13 of the plaintiff's complaint.

14. Denied.

15. Denied.

## Count II

### (Negligence)

16. GE restates the responses in paragraphs 1 through 15 of its answer as though set forth fully herein.

17. Denied.

18. Denied.

## Count III

### (Contribution)

19. GE restates the responses in paragraphs 1 through 18 of its answer as though set forth fully herein.

20. GE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the plaintiff's complaint.

21. GE is without knowledge or information sufficient to form a belief as to the truth of Pro Con's allegation that it is seeking to reach an agreement with the owner of the project to discharge the common liability of the various parties. GE denies the remaining allegations in

paragraph 21 of the plaintiff's complaint.

22. Denied.

### Count IV

### (Common Law Indemnity)

23. GE restates the responses set forth in paragraphs 1 through 22 of its answer as though set forth fully herein.

24. GE is without knowledge or information sufficient to form a belief as to the truth of Pro Con's allegation that the owner of the project is seeking to hold Pro Con liable for damages. GE denies the remaining allegations in paragraph 24 of the plaintiff's complaint.

25. Denied.

26. Denied.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

The plaintiff's complaint, and each and every count therein, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The plaintiff's claims are barred by the applicable statute of limitations.

### Third Affirmative Defense

The plaintiff's claims are barred by the statute of repose.

### Fourth Affirmative Defense

The plaintiff's claims are barred by the economic loss doctrine.

### Fifth Affirmative Defense

If GE was negligent, which GE denies, then the plaintiff was also negligent, and any recovery by the plaintiff is barred by, or must be reduced in accordance with, the plaintiff's comparative negligence.

### Sixth Affirmative Defense

The plaintiff has failed to mitigate its damages, and any recovery is barred or must be reduced accordingly.

### Seventh Affirmative Defense

The plaintiff's claims are barred by estoppel and waiver.

### Eighth Affirmative Defense

The plaintiff may not maintain this action against GE because it has failed to bring suit against all parties necessary to resolve the claims in this action.

### Ninth Affirmative Defense

The plaintiff's claims for contribution and indemnity are premature.

### Tenth Affirmative Defense

The plaintiff does not have standing to bring suit against GE for alleged property damage at the Project.

### JURY CLAIM

GE demands a trial by jury to the fullest extent permitted by law.

Respectfully submitted,
GENERAL ELECTRIC COMPANY
By its Attorneys,

_____
David A. Barry – BBO No. 031520
John G. O'Neill – BBO No. 630272
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street
Boston, MA 02114-4737
(617) 227-3030

Dated: January 14, 2004

## CERTIFICATE OF SERVICE

I, John G. O'Neill, hereby certify that on the 14th day of January, 2004, I served the within Answer by mailing a copy thereof, postage prepaid to Michael L. Chinitz, Esquire, Rose & Associates, 29 Commonwealth Avenue, Boston, MA 02216.

_____
John G. O'Neill

341615.1