UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRO CON, INCORPORATED,<br>Plaintiff<br><br>v.<br><br>GENERAL ELECTRIC COMPANY,<br>Defendant/Third-<br>Party Plaintiff,<br><br>v.<br><br>BOOTZ, INC.,<br>Third-Party<br>Defendant | CIVIL ACTION NO. 03-40284-NMG |

## THIRD-PARTY COMPLAINT

### Parties

1. The third-party plaintiff, General Electric Company ("GE"), is a New York corporation with a principal place of business in Fairfield, Connecticut.

2. The third-part defendant, Bootz, Inc. ("Bootz"), is an Indiana corporation with a principal place of business in Evansville, Indiana.

### Jurisdiction

3. This is a civil action over which this Court has diversity subject-matter jurisdiction under the provisions of 28 U.S.C. § 1332, because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the plaintiff, the defendant/third-party plaintiff, and the third-party defendant.

## Facts Relevant To All Counts

4. The plaintiff, Pro Con Incorporated ("Pro Con"), has brought suit against GE asserting that GE is liable for alleged defects in the sleeve portion (the "Sleeves") of certain packaged thermal air conditioning ("PTAC") units installed at a Courtyard Marriott Hotel in Westborough, Massachusetts (the "Project"). Pro Con estimates its damages at over $700,000. A copy of Pro Con's complaint is attached as Exhibit A.

5. Bootz supplied GE with the Sleeves that were incorporated into the PTAC units that GE supplied to Pro Con for the Project, and that Pro Con alleges were defective resulting in its damages.

6. As part of the contract under which Bootz supplied the Sleeves to GE, Bootz also expressly agreed to defend and indemnify GE against any claims arising out of (1) any failure of the sleeves to comply with applicable specifications, (2) the negligence of Bootz with respect to the design or manufacture of the Sleeves; and (3) strict or product liability with respect to allegedly defective sleeves or parts thereof.

7. To the extent that the PTAC units at the Project are alleged to be defective, which GE denies, the defects are the result of allegedly defective Sleeves supplied by Bootz.

8. GE has tendered the defense of the Pro Con claims to Bootz, but Bootz has wrongfully failed to honor its defense and indemnity obligations under the contract.

## COUNT I: EXPRESS CONTRACTUAL INDEMNITY

9. GE restates the allegations in paragraphs 1 through 8 of its third-party complaint as though set forth fully herein.

10. Bootz is contractually obligated to defend and indemnify GE against Pro Con's claims.

11. Bootz has breached its express contractual agreement to defend and indemnify GE.

12. Bootz's breach has damaged GE by, among other things, causing GE to incur attorney's fees in defending against Pro Con's claims.

13. Bootz is liable to GE for any and all amounts for which GE may be held liable to Pro Con.

## COUNT II: COMMON LAW INDEMNITY

14. GE restates the allegations in paragraphs 1 through 13 of its third-party complaint as though set forth fully herein.

15. GE denies that there are any defects in the PTAC units at the Project, but says that GE's liability, if any, results from the allegedly defective components supplied by Bootz.

16. As the party responsible for the harm, Bootz is liable to indemnify GE for any amounts that GE may be required to pay to Pro Con in connection with the allegedly defective PTAC Units and for costs incurred by GE in defending against Pro Con's claims.

17. GE has given Bootz notice of Pro Con's claims; however, Bootz has wrongfully refused to defend or indemnify GE.

18. Bootz is liable to GE for any and all amounts for which GE may be held liable to Pro Con.

## COUNT III: CONTRIBUTION

19. GE restates the allegations in paragraphs 1 through 18 of its third-party complaint as though set forth fully herein.

20. In the alternative, if GE is liable to Pro Con in tort, which GE denies, then Bootz is also liable in tort to Pro Con for some or all of the damages alleged in Pro Con's complaint.

21. Pursuant to M.G.L. c. 231B, GE is entitled to contribution from Bootz for a *pro rata* share of any damages for which GE may be held liable to Pro Con.

## COUNT IV: BREACH OF EXPRESS WARRANTIES

22. GE restates the allegations in paragraphs 1 through 21 of its third-party complaint as though set forth fully herein.

23. Bootz expressly warranted, among other things, that the Sleeves were free of material defects.

24. If the PTAC units are found to be defective, then Bootz has breached its express warranties resulting in damage to GE.

25. Bootz is liable to GE for any and all amounts for which GE may be held liable to Pro Con.

## COUNT V: BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

26. GE restates the allegations in paragraphs 1 through 25 of its third-party complaint as though set forth fully herein.

27. Bootz is a merchant of the Sleeves, which were manufactured and sold for use as a component in the PTAC units.

4

28. Bootz impliedly warranted, among other things, that the Sleeves it sold were merchantable, and fit for their ordinary and intended uses.

29. If the PTAC units are found to be defective, then Bootz has breached its implied warranty of merchantability, resulting in damage to GE.

30. Bootz is liable to GE for any and all amounts for which GE may be held liable to Pro Con.

### COUNT VI: BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

31. GE restates the allegations in paragraphs 1 through 30 of its third-party complaint as though set forth fully herein.

32. Bootz warranted, among other things, that the Sleeves it sold were fit for use with the PTAC units at the Project.

33. If the PTAC units are found to be defective, then Bootz has breached its implied warranty of fitness for a particular purpose, resulting in damage to GE.

34. Bootz is liable to GE for any and all amounts for which GE may be liable to Pro Con.

### COUNT VII: DECLARATORY JUDGMENT

35. GE restates the allegations in paragraphs 1 through 34 of its third-party complaint as though set forth fully herein.

36. There exists between the parties an actual controversy as to whether Bootz is obligated to defend and indemnify GE in connection with Pro Con's claims with respect to the Sleeves. Pursuant to Pursuant to 28 U.S.C. §2201, this Court has the authority to enter a

judgment declaring the rights and obligations of the parties in order to resolve the controversy between them.

37. GE is entitled to a judgment declaring that Bootz is obligated to defend and indemnify it against Pro Con's claims with respect to the Sleeves.

## REQUEST FOR RELIEF

GE respectfully requests that the Court:

A. Enter judgment in favor of GE on all counts of its third-party complaint in an amount to be determined at trial;

B. Enter a declaratory judgment that Bootz is obligated to defend and indemnify GE against Pro Con's claims.

C. Award GE all of its costs, attorney's fees, and other expenses incurred in (1) defending against Pro Con's claims, and (2) prosecuting this action against Bootz in order to compel Bootz to honor its indemnity obligations;

D. Award GE such other relief as the Court deems just and proper.

## JURY CLAIM

GE demands a trial by jury to the fullest extent permitted by law.

Respectfully submitted,
GENERAL ELECTRIC COMPANY
By its Attorneys,

_____
David A. Barry – BBO No. 031520
John G. O'Neill – BBO No. 630272
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street
Boston, MA 02114-4737
(617) 227-3030

Dated: January 26, 2004

## CERTIFICATE OF SERVICE

I, John G. O'Neill, hereby certify that on the 26th day of January, 2004, I served the within Third-Party Complaint by e-mailing and mailing a copy thereof, postage prepaid to Michael L. Chinitz, Esquire, Rose & Associates, 29 Commonwealth Avenue, Boston, MA 02216.

_____
John G. O'Neill

342057.1

# EXHIBIT A

| CIVIL ACTION COVER SHEET | DOCKET NO. 03-2064 A | Trial Court of Massachusetts Superior Court Department County: Worcester |
|---|---|---|

**PLAINTIFF(S)**
PRO CON, INCORPORATED

**DEFENDANT(S)**
GENERAL ELECTRIC COMPANY

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Michael L. Chinitz, Rose & Associates, 29 Commonwealth Ave., Boston, 02116  617-536-0040
Board of Bar Overseers number: 552915

ATTORNEY (if known)

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 & 104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION** (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A-12 | Construction | (A) | (X) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................................ $.........
2. Total Doctor expenses .......................................... $.........
3. Total chiropractic expenses .................................... $.........
4. Total physical therapy expenses ................................ $.........
5. Total other expenses (describe) ................................ $.........
                                                    Subtotal $.........
B. Documented lost wages and compensation to date ............... $.........
C. Documented property damages to date ........................... $.........
D. Reasonably anticipated future medical and hospital expenses ... $.........
E. Reasonably anticipated lost wages ............................. $.........
F. Other documented items of damages (describe)
                                                            $.........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                            $.........
                                                       TOTAL $.........

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s): Pro Con seeks to recover damages caused by the defendant arising from its defective packaged thermal air conditioning units. Damages sought from the defendant include the cost to repair the units, resulting property damages, and other damages caused to Pro Con.

Damages estimated to be in excess of $700,000
TOTAL $...........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Michael Chinitz_   DATE: 10/23/03

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.                                SUPERIOR COURT
                                              C.A. No. 03-2064P

)
PRO CON, INCORPORATED,        )
                              )
              Plaintiff,      )    COMPLAINT AND
                              )    JURY DEMAND
v.                            )
                              )
                              )
GENERAL ELECTRIC COMPANY,     )
                              )
              Defendant.      )
                              )

### Introduction

This is an action by plaintiff Pro Con, Incorporated ("Pro Con"), as a construction contractor, to recover damages caused by GE Consumer Products, a business unit of General Electric Company ("GE"), at the Courtyard Marriott Hotel in Westborough, Worcester County, Massachusetts and for indemnity or contribution from GE for damages, fees, and expenses that Pro Con has already sustained and will sustain as a result of GE's faulty and negligent products which caused water infiltration and resultant property damage at the project site.

### Parties

1.  Pro Con is a corporation organized under the laws of New Hampshire with a principal place of business at 1359 Hooksett Road, Hooksett, New Hampshire 03106. Pro Con is a

construction contractor specializing in institutional, multi-family residential, and commercial projects in New England. Pro Con is registered to do business in the Commonwealth of Massachusetts.

2. General Electric Company is, on information and belief, a New York Corporation. GE Consumer Products is a business unit of GE with a principal place of business at Appliance Park, Louisville, KY 40225. GE regularly conducts business in the Commonwealth of Massachusetts.

### Jurisdiction

3. This Court has jurisdiction over GE pursuant to G.L. c. 223A, § 3.

4. On November 23, 1996, Pro Con entered into a contract for the construction of a Courtyard Marriott Hotel located in Westborough, Massachusetts (the "Project").

5. GE manufactures, and markets for installation in buildings such as the Project, packaged thermal air conditioning ("PTAC") units.

6. GE provided PTAC units to be installed at the Project.

7. GE both impliedly and expressly warranted that its PTAC units would be free of material defects, and would be fit for the intended use.

2

8. In December, 2002 the owner of the Project complained to Pro Con about the infiltration of water through the exterior walls of the Project. As of the time of these complaints, Pro Con had no knowledge of any defects in GE's products supplied to the Project, nor did it have any reason to know of such defects. Thereafter, following investigation, Pro Con determined that there was a material defect in the sleeve portion of GE's PTAC units, and that the defect caused water infiltration and resultant property damage at the Project.

9. Pro Con has given notice to GE of its faulty products, and has requested GE to repair the defective PTAC units and the damage caused thereby. GE has also had an opportunity to inspect the PTAC units and the defects therein.

10. To date, GE has failed to correct its faulty products, and has failed to repair the resulting damage to the Project.

### Count I

#### (Breach of Warranty)

11. Pro Con repeats and incorporates by reference the allegations contained in paragraphs 1 through 10 above.

12. GE is a merchant of PTAC units.

13. GE warranted, among other things, that its products were free of material defects, merchantable, and fit for the particular purpose used.

14. GE breached its implied and express warranties.

15. GE's breaches have damaged Pro Con.

### Count II

### (Negligence)

16. Pro Con repeats and incorporates by reference the allegations contained in paragraphs 1 through 15 above.

17. GE failed to use reasonable care in the manufacture of its PTAC units and its neglect has caused damage, including water infiltration and resultant property damage at the Project.

18. GE's negligence has damaged Pro Con.

### Count III

### (Contribution)

19. Pro Con repeats and incorporates by reference the allegations contained in paragraphs 1 through 10 above.

20. The owner of the Project has threatened claims against Pro Con and other subcontractors and product and material suppliers for water infiltration and resultant property damage.

21. Pro Con is seeking to reach an agreement with the owner of the Project to discharge by consideration the

4

common liability of various parties within the statute of limitations period and has commenced this action for contribution by GE within one year after such consideration.

22. Pro Con is entitled to contribution from GE for reimbursement of such payment, as well as for reimbursement of all other expenses incurred by Pro Con that are recoverable as a matter of law.

### Count IV

(Common Law Indemnity)

23. Pro Con repeats and incorporates by reference the allegations contained in paragraphs 1 through 22 above.

24. The owner of the Project is seeking to hold Pro Con liable for damages to the Project caused, in part by GE.

25. GE, as the party at fault for the harm, is obligated to indemnify Pro Con for the damages it has and will sustain, and thus far, GE has breached its duty by, among other things, failing to indemnify Pro Con for damages, fees, and expenses that Pro Con has sustained as a result of GE's faulty and defective products.

26. GE's breaches have damaged Pro Con.

5

Relief Requested

WHEREFORE, Pro Con respectfully requests that the Court:

A. Enter judgment in favor of Pro Con on all counts of this Complaint in an amount to be determined at trial;

B. Award Pro Con all of its costs, expenses, attorneys' fees and interest recoverable under Massachusetts law; and

C. Order such other relief as the Court deems necessary and just.

JURY DEMAND

PRO CON HEREBY MAKES A DEMAND FOR TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

Respectfully submitted,

PRO CON, INCORPORATED,

By its attorneys,

*Michael Chinitz*
Michael L. Chinitz (BBO# 552915)
Michael J. Mott (BBO# 643366)
ROSE & ASSOCIATES
29 Commonwealth Avenue
Boston, Massachusetts 02216
Tel - 617/536-0040
Fax - 617/536-4400

October 24, 2003