UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO.: 03-40284-NMG

FILED
IN CLERK'S OFFICE
2004 FEB 20 P 12: 18
DISTRICT COURT
DISTRICT OF MASS.

PRO CON, INCORPORATED,
    Plaintiff

v.

GENERAL ELECTRIC COMPANY,
    Defendant/Third-Party Plaintiff

v.

BOOTZ, INC.
    Third-Party Defendant

## ANSWER OF THIRD-PARTY DEFENDANT TO THIRD-PARTY COMPALINT

### Parties

1. The third-party defendant can neither admit or deny the allegations contained in this paragraph.

2. The third-party defendant admits that it is an Indiana corporation with a principal place of business in Evansville, Indiana. The third-party defendant states that it has been misnamed in this paragraph.

### Jurisdiction

3. As the allegations contained in this paragraph states a legal conclusion, no answer is required.

### Facts Relevant To All Counts

4. The third-party defendant state that the plaintiff's complaint speaks for itself and thus no answer is required.

5. The third-party defendant admits that it supplied the third-party plaintiff with the items described in this paragraph. As the remaining allegations contained in this paragraph do not pertain to the third-party defendant, no answer is required. To

the extent, if any, these allegations are meant to apply to the third-party defendant, they are denied.

6. The third-party defendant states that its written agreement with the third-party plaintiff speaks for itself and thus no answer is required.

7. The third-party defendant denies the allegations contained in this paragraph.

8. The third-party defendant denies that it has wrongfully failed to honor its obligations under the above described paragraph.

### COUNT I: EXPRESS CONTRACTUAL INDEMNITY

9. The third-party defendant reiterates its responses to paragraphs 1 through 8 and incorporates them herein as if specifically set forth.

10. The third-party defendant denies the allegations contained in this paragraph.

11. The third-party defendant denies the allegations contained in this paragraph.

12. The third-party defendant denies the allegations contained in this paragraph.

13. The third-party defendant denies the allegations contained in this paragraph.

### COUNT II: COMMON LAW INDEMNITY

14. The third-party defendant reiterates its responses to paragraphs 1 through 13 and incorporates them herein as if specifically set forth.

15. The third-party defendant denies the allegations contained in this paragraph.

16. The third-party defendant denies the allegations contained in this paragraph.

17. The third-party defendant denies the allegations contained in this paragraph.

18. The third-party defendant denies the allegations contained in this paragraph.

### COUNT III: CONTRIBUTION

19. The third-party defendant reiterates its responses to paragraphs 1 through 18 and incorporates them herein as if specifically set forth.

20. The third-party defendant denies the allegations contained in this paragraph.

21. The third-party defendant denies the allegations contained in this paragraph.

## COUNT IV: BREACH OF EXPRESS WARRANTIES

22. The third-party defendant reiterates its responses to paragraphs 1 through 21 and incorporates them herein as if specifically set forth.

23. As the allegations contained in this paragraph state a legal conclusion, no answer is required.

24. The third-party defendant denies the allegations contained in this paragraph.

25. The third-party defendant denies the allegations contained in this paragraph.

## COUNT V: BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

26. The third-party defendant reiterates its responses to paragraphs 1 through 25 and incorporates them herein as if specifically set forth

27. The third-party defendant, on information and belief, admits the allegations contained in this paragraph.

28. As the allegations contained in this paragraph state a legal conclusion, no answer is required.

29. The third-party defendant denies the allegations contained in this paragraph.

30. The third-party defendant denies the allegations contained in this paragraph.

## COUNT VI: BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

31. The third-party defendant reiterates its responses to paragraphs 1 through 30 and incorporates them herein as if specifically set forth

32. As the allegations contained in this paragraph state a legal conclusion, no answer is required.

33. The third-party defendant denies the allegations contained in this paragraph.

34. The third-party defendant denies the allegations contained in this paragraph.

## COUNT VII: DECLARATORY JUDGMENT

35. The third-party defendant reiterates its responses to paragraphs 1 through 34 and incorporates them herein as if specifically set forth.

36. As the allegations contained in this paragraph state a legal conclusion, no answer is required.

37. The third-party defendant denies the allegations contained in this paragraph.

## REQUEST FOR RELIEF

A. The third-party defendant denies the allegations contained in this paragraph.

B. The third-party defendant denies the allegations contained in this paragraph.

C. The third-party defendant denies the allegations contained in this paragraph.

D. The third-party defendant denies the allegations contained in this paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The third-party defendant says that the injuries and damages complained of were caused in whole or in part by the negligence of the third-party plaintiff and that such negligence equaled or exceeded any negligence or other act on the part of the third-party defendant.

### SECOND AFFIRMATIVE DEFENSE

The third-party defendant says that the injuries were caused by the negligence of the plaintiff and that such negligence equaled or exceeded any negligence or other act on the part of the third-party plaintiff or third-party defendant and thus the plaintiff's complaint should be dismissed.

### THIRD AFFIRMATIVE DEFENSE

The third-party defendant states that the plaintiff's and or third-party plaintiff's alleged damages resulted from the negligence of a third party.

## FOURTH AFFIRMATIVE DEFENSE

The third-party defendant states that the third-party plaintiff has to give the third-party defendant notice within a reasonable time as required by statute and has failed to do so.

## FIFTH AFFIRMATIVE DEFENSE

The third-party plaintiff has failed to state a claim against the third-party defendant upon which relief may be granted.

## SIXTH AFFIRMATIVE DEFENSE

The third-party defendant states that it has been improperly served with process by the third-party plaintiff, and thus the Third-Party Complaint should be dismissed.

## SEVENTH AFFIRMATIVE DEFENSE

The third-party defendant states that the third-party plaintiff has failed to comply with all conditions precedent to maintaining this action against the third-party defendant and thus the Third-Party Complaint should be dismissed.

## EIGHTH AFFIRMATIVE DEFENSE

The third-party defendant states that the plaintiff and or the third-party plaintiff misused the component described in the Third-Party Complaint and thus the Third-Party Complaint should be dismissed.

## NINTH AFFIRMATIVE DEFENSE

The third-party defendant states that this Court lacks personal jurisdiction over the third-party defendant and thus the Third-Party Complaint should be dismissed.

## TENTH AFFIRMATIVE DEFENSE

The third-party defendant states that it has been improperly named as a third-party defendant in the Third-Party Complaint and thus the Third-Party Complaint should be dismissed.

## ELEVENTH AFFIRMATIVE DEFENSE

The third-party defendant states that the third-party plaintiff's loss, if any, was due to an intervening act or acts for which the third-party defendant is not responsible and thus the Third-Party Complaint should be dismissed.

### THIRD PARTY DEFENDANT
### DEMANDS A TRIAL BY JURY ON ALL ISSUES.

The defendant,
By its attorneys,

_____
John J. Jarosak
BBO #545998
Litchfield Cavo
6 Kimball Lane, Suite 100
Lynnfield, MA 01940
(781) 309-1500
(781) 246-0167 Fax

Dated: February 19, 2004

## CERTIFICATE OF SERVICE

      I, John J. Jarosak, hereby certify that on February 19, 2003, I served the within document by first class mail, postage prepaid, to the following:

| | |
|---|---|
| David A. Barry | Michael L. Chinitz |
| John G. O'Neill | Michael J. Mott |
| Sugarman, Rogers, Barshak & Cohen, P.C. | ROSE & ASSOCIATES |
| 101 Merrimac Street | 29 Commonwealth Avenue |
| Boston, MA  02114-4737 | Boston, MA  02216 |

                                                                                John J. Jarosak